De Saussure, Chancellor.
All the forms prescribed by the- statute have been complied with. But it is argued that there is no probate of the deed, actually attested and endorsed, without which it could not be legally recorded.
I am not sure that it is necessary to the validity of a deed directed to be recorded, that the probate should be endorsed. The officer entrusted with that power and duty, may swear the subscribing witnesses to the deed, and satisfy his own mind, without endorsing the attestation — certainly the statute we are considering does not prescribe it; it is, however, generally done, and it is better done. But to make the endorsement of the attestation by the officer, a ground to invalidate the deed, is to make the act of the parties depend not upon their performance of what is required of them to be done, but upon the omission or neglect of a third person, the officer, in whom the country have placed confidence.
I am strongly inclined to think that as the duty of recording is put on that officer, it will be presumed when he has recorded a deed, that all was done, which was necessary to be done, to perfect the instrument and entitle it to record.
Another objection is, that the deed and renunciation not having been recorded till after the death of the wife,-the recording afterwards is too late.
This is a grave objection, and may have a most extensive operation. The statute does not limit the time loithin which the wife is to declare her consent to the release of her interest. It is definite, except that it must be after seven days.
*But the renunciation shall not be considered as being complete or legal, until the same shall be recorded in the office of mesne conveyance. It may be done in three months or three years. Now sup *78 pose in the case of a marriage settlement, which the law directs to be recorded within three months, the wife dies in one month, and the deed is recorded after her death, and before the expiration of the three months, would that avoid the deed ? — assuredly not, yet the recording is essential to give validity to the deed.
De Saussure, for the appellants.
Haynesworth, contra.
I think this reasoning applies to the ease before us. It may be recorded at any time, and when recorded, it has full force and effect. It is an act not to be done by the wife — her consent to the recording is not essential.
She has done all that was necessary for her to do — and the recording is good in my judgment, though not made till after her death.
It is therefore ordered and decreed, that the bill be dismissed.
From this decree the plaintiffs appealed, on the grounds taken below.
Harper, J.
We propose to consider more particularly the first ground of the complainants’ motion. The question is one of considerable doubt and difficulty; but from the best view we have been able to take of it, we have come to a different conclusion from that of the Chancellor. The case of Gough v. Walker, 1 N. M’C. 469, which was principally relied on by the complainants’ counsel, did not arise under the act of 1195, which is now in question, but under that of 1731,(a) providing that a married woman freely and voluntarily joining her husband in a conveyance, and “acknowledging the same before the Chief Justice before the time being, or before any persons thereunto by him authorized, and certified by the said Chief Justice, and recorded in the office of pleas, ke deemed as effectual and valid in the law,'to all ^intents and purposes whatsoever, as any fine passed in due form of law in his majesty’s Court of Pleas at Westminster, for conveying of lands in Great Britain.” P. L. 132. As was truly observed in the case of Gough and Walker, the object of the act was to establish a mode of proceeding similar to that by fine in great Britain. That was a proceeding by fictitious suit in Court, and of course a matter of record. Blackstone after, speaking of the commencement of the suit, the Ucentia concordandi, and the concord observes “ This acknowledgment must be made either openly in the Court of Common Pleas, or before the Lord Chief Justice of that Court, or else before one of the Judges of that Court, or two or more Commissioners in the country, empowered by special authority called a writ of dedimus potestatem.” 2 Bl. Com. 351. “If there be any feme covert among the cognizors, she is privately examined whether she does it willingly and freely, or by compulsion of her husband.”
“ By these acts all the essential parts of a fine are completed, and if the cognizor dies the next moment after the fine is acknowledged, provided it be subsequent to the day on which the writ is made returnable, still the fine shall be carried on in all its remaining parts.” That is to say, the note of the fine, and foot of the fine, of which indentures are made, and *79 delivered to the parties, are entered. This seems to be equivalent to the entering up of final, after interlocutory judgment in other cases, and might, I suppose, be done at any time within the year and day. If from any cause it should be neglected for a long period, it is probable that it could not be done without a rule to the parties, to show cause against it, or if the parties were dead, to their representatives, and after a great lapse of time would not be done at all. The Court, however, in Gough v. Walker, determined that where a renunciation of dower had not been recorded during the lifetime of the husband, it could not, under the act of 1131, be recorded afterwards.
The case seems to meto be stronger for the complainants under the act of 1195. The act directs, that any ^married woman may renounce her inheritance, by going before a judge or justice, and submitting. to an examination, of which a certificate shall be made in the prescribed form ; “and such renunciation shall not be considered as being complete or legal, until the same shall be recorded in the office of mesne conveyances, or office of the Clerk of the County Court, in the District or County where the land lies.” 2 Faust. 6. This seems to deprive the proceeding of any analogy to a proceeding of record in Court, and to make it purely a mode of conveyance. What is the meaning and effect of the words “shall not be considered as being complete or legal ?” I cannot imagine any other than that the renunciation shall have no operation or effect whatever, even between the parties. Whatever reasons may have governed the legislature in making the enactments, the words are too plain to admit of question. The security and protection of the woman must have been in some way the object of the provision.
It was argued, however, that the act fixes no time within which the recording shall take place, and that it may therefore be at any time short of a prescriptive bar. If the act of 1195 had said nothing about recording, I think the certificate would come under the general provision of the act of 1185 on the subject of recording conveyances of land. This is a mode of conveying land. The certificate of renunciation is an essential part of the conveyance in which the woman joins her husband, which, as to her, is incomplete and null without it. This would not apply to the .proceeding, under the act of 1131, considered as a proceeding of record in Court.
The terms of the act are, “that no conveyance of lands, tenements or hereditaments within this State, shall pass, alter or change from one person to another, any estate of inheritance in fee simple, or any estate for life or lives, nor shall any greater or higher estate be made or take effect in any person or persons, or any use thereof, to be made by bargain, sale, lease and release, or other instrument, unless the same be made in writing, signed, sealed and recorded in the Clerk’s Office of the county where the *land mentioned to be passed or granted, shall be, in manner following; that is to say, if the person or persons who shall make and seal such instrument of writing, shall be resident within the State at the time of making, signing and sealing the same, .then the recording shall be within six months, &e. ” If not recorded within the time, the act provides that the conveyance shall only be good between the parties to it. The whole deed — every essential part of it, must be recorded, and without the certificate of renunciation, the law does not regard the instru *80 ment as the married woman’s deed, nor can it affect her'inheritance. The purposes of the law would not be effected by recording the conveyance without the renunciation.
But does the act of 1195 exempt these certificates from the operation of the terms of that of 1T85 ? I do not perceive how this can be said. It directs that the renunciation shall not be complete and legal until recorded; it provides no time for the recording, but leaves that to the general law on the subject of recording conveyances. It seems to me that we must conclude the act of 1195, to have altered the effect of that of 1185 only in this respect; that leaving the time within which the recording is required to be as before, it provides that unless so recorded, the instrument shall have no operation or effect, even between the parties to it. Although the woman, therefore, should die within one month from the renunciation, still it would be good if recorded within six months ; however long she might live, it would be void if not recorded within the six months. It is with some hesitation that we have come to this conclusion, but if we err, we do so in promoting the general policy of the law, which intends the protection of married women.
The defendant objects that William J. Reese, the purchaser of the land is not a party. But as the complainants express their willingness to confirm the sale to him, and only seek a moiety of the purchase money received by the defendant, and his interest will not be effected by the decree, that is not necessary.
is ordered and decreed, that upon the complainants’ duly executing a release of all their interest in the land in question, to the said William J. Reese, and depositing the same with the Commissioner, the defendant account for and pay to them a moiety of the purchase money received by him on the sale of the said land, with interest from the time of receiving the same. The defendant to pay the costs (a)
Johnson, J., concurred.
O’Neall, J., having been absent at the argument, gave no opinion.

 The Act of 1731 is entirely superseded by that of’95;,at this day few, if any cases, can arise under the former. R.

 [See also 2 Con. Rep. 12.]